IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robb William Pataski,                  :
                Petitioner             :
                                           :
      v.                          :   No. 584 C.D. 2019
                                           :   SUBMITTED: February 28, 2020
Pennsylvania Board of Probation and :
Parole,                                :
                Respondent            :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                  FILED: April 13, 2020


Petitioner Robb William Pataski (Pataski) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) April 15, 2019 ruling affirming its August 15, 2018 decision, through which the Board recommitted Pataski as a convicted parole violator (CPV) to serve 30 months of backtime and recalculated his maximum parole violation date as April 8, 2021. Pataski's counsel, Kent D. Watkins, Esquire (Counsel), has submitted an Amended Application to Withdraw as Counsel (Amended Application to Withdraw) along with a revised *Turner* letter.[1] Counsel contends the arguments raised by Pataski are frivolous and

---

[1] In a *Turner* letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

        Such letters are referred to by various names by courts of this Commonwealth. *See, e.g., Com*[.] *v. Porter*, . . . 728 A.2d 890, 893

without merit. After thorough consideration, we grant Counsel's Amended Application to Withdraw and affirm the Board's April 15, 2019 ruling.

## I. Background

On February 20, 2002, Pataski pled guilty in the Court of Common Pleas of Fayette County to two counts of robbery. Pataski received an aggregate sentence of two to four years in state prison. Certified Record (C.R.) at 1. On September 16, 2002, Pataski pled guilty in the Court of Common Pleas of Washington County to two counts of robbery and one count of attempted robbery. For these Washington County convictions, Pataski received concurrent sentences of three to six and four to eight years in state prison. *Id.* In addition, both the Fayette County and Washington County sentences ran concurrently with each other. *Id.* Pataski was released on parole on August 28, 2005, at which point the maximum dates on his Washington County sentences were, respectively, July 19, 2007, and July 19, 2009. *Id.* at 8.

On January 27, 2006, the Board declared Pataski delinquent, effective January 24, 2006, due to his repeated failure to maintain proper contact with his parole officer. *Id.* at 11, 36. On January 29, 2006, Pataski was arrested by Maryland State Police in Allegany County, Maryland, in connection with a gunpoint carjacking. *Id.* at 13-17, 37-39. On January 30, 2006, the Board issued a warrant for Pataski's arrest. *Id.* at 12. On April 18, 2006, Pataski pled guilty in the Maryland Circuit Court for

& n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* letter") [(referring to the Pennsylvania Supreme Court case *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988))]; *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

Allegany County to one count of armed robbery and one count of use of a handgun in the commission of a crime. *Id.* at 37. On July 10, 2006, Pataski received a 20-year sentence for the first count, with 5 years suspended, and a consecutive 5-year sentence for the second count. *Id.* at 20-21.

On November 16, 2006, while incarcerated, Pataski was charged in Washington County, Pennsylvania, with two counts each of burglary, criminal conspiracy, criminal trespass, criminal mischief, and theft by unlawful taking, in connection with two January 2006 incidents in Peters Township, Pennsylvania. *Id.* at 51. Additionally, Pataski was charged in a separate case in Washington County, Pennsylvania, with one count each of burglary, criminal conspiracy, and theft by unlawful taking, relating to a January 2006 incident in North Strabane Township, Pennsylvania. *Id.* at 63. Both the Peters Township and North Strabane Township incidents occurred while Pataski was still on parole from his 2002 convictions in both Fayette County and Washington County. On May 31, 2007, Pataski pled guilty to a total of three counts of burglary pertaining to these two cases. *Id.* at 52, 59, 64-66.[2] He was subsequently sentenced in the Court of Common Pleas of Washington County[3] to an aggregate sentence of 15 to 30 months, concurrent with the sentence that had been imposed upon him by the Maryland Circuit Court for Allegany County. *Id.* at 52-55, 64-66.

Pataski was eventually released from his Maryland state sentence and was returned to the Pennsylvania Department of Corrections' custody on May 18, 2018. *Id.* at 73-74. The Board then held a parole revocation hearing on May 22, 2018, during which Pataski admitted to the veracity of his Maryland and Pennsylvania

---

[2] The remaining charges were *nolle prossed*. C.R. at 52.

[3] Both North Strabane Township and Peters Township are located in Washington County.

3

convictions, as well as a number of technical parole violations. *Id.* at 26-29. On August 15, 2018, the Board ordered Pataski to serve 30 months of backtime as a CPV, as well as a concurrent 6 months of backtime as a technical parole violator. His maximum date on his unexpired 2002 convictions was recalculated as April 8, 2021. *Id.* at 77-78.

On September 6, 2018, Marc T. Valentine, Esquire, of the Office of the Public Defender, Somerset County, filed an administrative remedies form with the Board on behalf of Pataski. *Id.* at 79-81.[4] Therein, Pataski argued that the Board had wrongly applied the current CPV presumptive range when determining how much backtime to give him and, instead, should have used those which had been in effect 14 years prior. *Id.* at 80.[5] In addition, Pataski claimed he was no longer a threat to the community. *Id.*

On April 15, 2019, the Board responded by affirming its August 15, 2018 decision. *Id.* at 85. The Board explained to Pataski that the 30 months of total backtime it had given him was proper, as it fell squarely within the presumptive range established in the Board's administrative regulations. *Id.*

On May 15, 2019, Counsel filed a Petition for Review on Pataski's behalf, in which he argued that the Board had failed to properly credit Pataski for time served solely on the Board's warrant and for "time served in good standing on parole." Petition for Review, ¶¶5-6.

---

[4] Valentine represented Pataski at the administrative level. However, Counsel, not Valentine, currently represents Pataski.

[5] Presumably, "14 years" is a typo, as only slightly more than 12½ years elapsed between Pataski's criminal acts in both Maryland and Pennsylvania and the Board's parole revocation hearing. C.R. at 13-17, 26-29, 37-39, 51, 63.

On August 11, 2019, Counsel submitted his Application to Withdraw as Counsel (Application to Withdraw) and *Turner* letter.[6] In his Application to Withdraw, Counsel stated he had reviewed the Certified Record and had concluded "there are no grounds for appeal and [that Pataski's] appeal is frivolous." Application to Withdraw at 2. In his *Turner* letter, Counsel provided a thorough recapitulation of Pataski's criminal record and the resultant Board actions. *Turner* Letter at 1-6. In addition, Counsel identified two issues as having been raised in the Petition for Review. First, the Board failed to properly credit Pataski for all time served while being detained solely on the Board's warrant. *Id.* at 1. Second, the Board committed an abuse of discretion by declining to give Pataski credit for his accrued street time. *Id.* Curiously, Counsel subsequently addressed neither of these arguments, which he himself raised on behalf of his client. Instead, Counsel analyzed Pataski's claim that the Board applied the wrong presumptive CPV backtime range and concluded that this claim was without merit. *See id.* at 6.

Counsel also sent a copy of this *Turner* letter to Pataski, informed him that Counsel had found the Petition for Review to be without merit, explained the basis for this determination, and directed Pataski to retain another attorney or file a *pro se* brief with our Court, in the event that Pataski disagreed with Counsel's reasoning. *Id.* at 7.

We denied Counsel's Application to Withdraw without prejudice on January 7, 2020, deeming the attached *Turner* letter to be inadequate because "[t]hough Counsel correctly elected to address Pataski's presumptive range argument,[] he failed to substantively analyze either of the two time credit issues that Counsel

---

[6] Counsel was not appointed by our Court to represent Pataski, and instead appears to have been privately retained. However, his effort to withdraw from this appeal is governed by the same rules that delineate the withdrawal of court-appointed attorneys from similar matters. *Reale v. Pa. Bd. of Prob. & Parole*, 512 A.2d 1307, 1310 (Pa. Cmwlth. 1986).

himself had presented on behalf of Pataski in the Petition for Review." *Pataski v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 584 C.D. 2019, filed January 7, 2020), slip op. at 8-9 (emphasis in original). In addition, we gave Counsel 30 days to file an amended application to withdraw and a revised *Turner* letter, or a substantive brief in support of Petitioner's Petition. Commonwealth Court Or., 1/7/20, at 1.

Counsel chose the first option, submitting his Amended Application to Withdraw and revised *Turner* letter on February 10, 2020. As in his original Application to Withdraw, Counsel states he has reviewed the Certified Record and has concluded "there are no grounds for appeal and [that Pataski's] appeal is frivolous." Amended Application to Withdraw at 3. In his revised *Turner* letter, Counsel provides a thorough recapitulation of Pataski's criminal record and the resultant Board actions. *Turner* Letter at 1-6. In addition, Counsel identifies three issues as having been raised by Pataski either before the Board or in Pataski's Petition for Review. First, the Board improperly applied the CPV presumptive backtime ranges in effect at the time of Pataski's parole revocation hearing in 2018 and should have instead used the presumptive ranges that had been in effect 14 years prior to the hearing. *Id.* at 5-6.[7] Second, the Board failed to properly credit Pataski for all time served while being detained solely on the Board's warrant. *Id.* at 1, 6-7. Third, the Board committed an abuse of discretion by declining to give Pataski credit for his accrued street time. *Id.* at 1, 8.

## II. Discussion

Before addressing the validity of Pataski's substantive arguments, we must assess the adequacy of Counsel's *Turner* letter. Throughout this process, Pataski has

---

[7] Though this issue was not raised in Pataski's Petition for Review, "the omission of an issue from the statement [of objections in a petition for review] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." Pa. R.A.P. 1513(d)(5).

only sought to challenge the Board's calculation of his maximum date, its imposition of backtime, and its determinations regarding credit for various periods of time Pataski was either in carceral detention or in the custody of community corrections or parole violator centers. For this reason, Counsel appropriately elected to file a no-merit letter. *See Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 43 n.4 (Pa. Cmwlth. 2010).[8] "A no-merit letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Id.* at 43 (quoting *Turner*, 544 A.2d at 928) (brackets omitted). As long as a no-merit letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. *Zerby*, 964 A.2d at 960. However, in the event the letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id.*

Counsel's revised *Turner* letter satisfies these technical requirements. It contains a recitation of the relevant factual and procedural history, discussions of each argument raised by Pataski, and a thorough explanation, backed by case and statutory law, regarding Counsel's conclusion that none of these arguments afford Pataski a valid basis for relief. Further, Counsel has appropriately provided Pataski with copies of these documents, notified Pataski about Counsel's intentions, and informed Pataski of his right to hire another lawyer to represent him in this matter

---

[8] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances. *See Com. v. Santiago*, 978 A.2d 349, 353-55 (Pa. 2009). An *Anders* brief was unnecessary in this matter, however, as none of Pataski's claims implicated his constitutional right to counsel. *See Seilhamer*, 996 A.2d at 40 n.4.

or to represent himself *pro se*. Consequently, we will proceed to an independent examination of Pataski's Petition for Review, in order to determine whether any of his claims are meritorious.[9]

Pataski's first argument, that the Board erred by applying the CPV presumptive backtime ranges that were in effect at the time of Pataski's parole revocation hearing in 2018, rather than those that were applicable 14 years prior to this hearing, is without merit. The Board's administrative regulations setting these presumptive ranges was last amended in 1988. *See* 37 Pa. Code § 75.2. Thus, the relevant presumptive ranges at both points in time were identical.

As for Pataski's two remaining arguments, regarding credit for street time and time served solely on the Board's detainer, he failed to raise either one at the administrative level before the Board. Therefore, Pataski cannot challenge the Board's April 15, 2019 ruling before our Court on either of those bases, as he has waived both arguments. 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

### III. Conclusion

Because Counsel's revised *Turner* letter is technically sufficient and Pataski failed to preserve or raise any meritorious issues, we grant Counsel's Amended Application to Withdraw and affirm the Board's April 15, 2019 ruling.

_____
ELLEN CEISLER, Judge

---

[9] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Pataski's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robb William Pataski,           :
               Petitioner     :
                                  :
      v.                      : No. 584 C.D. 2019
                                  :
Pennsylvania Board of Probation and  :
Parole,                           :
              Respondent    :

# **O R D E R**

AND NOW, this 13th day of April, 2020, Kent D. Watkins, Esquire's Amended Application to Withdraw as Counsel is GRANTED, and the Pennsylvania Board of Probation and Parole's April 15, 2019 ruling is AFFIRMED.

_____
ELLEN CEISLER, Judge